# EXHIBIT A

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | |
| ) | |
| Adam Phillip Hall, ) | C. A. No.:  2018-CP-23- |
|         Plaintiff, ) | |
| ) | |
|         v. ) | **SUMMONS** |
| ) | **(Jury Trial Requested)** |
| Storm Team Construction Inc., Jesse ) | |
| Wright and Chad Simkins, ) | |
|         Defendants. ) | |

TO:    DEFENDANTS IN THE ABOVE CAPTIONED CASE:

YOU ARE HEREBY SUMMONED and required to appear and defend by answering the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer on the subscribers at their offices, 2100 Poinsett Highway, Suite D, Greenville, SC 29609, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

                                                  s/Robert C. Childs, III
                                                  Robert C. Childs, III, #1218
                                                  Attorney for Plaintiff
                                                  2100 Poinsett Hwy, Suite D
                                                  Greenville, SC 29609
                                                  (864) 242-9997
                                                  Fax (864) 242-9914

Greenville, South Carolina
Date:    2/9/18

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | |
| | ) | |
| Adam Phillip Hall, | ) | C. A. No.:    2018-CP-23- |
|               Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Requested)** |
| Storm Team Construction Inc., Jesse | ) | |
| Wright and Chad Simkins, | ) | |
|               Defendants. | ) | |

The Plaintiff, complaining of the Defendants above named, alleges;

1. The Plaintiff Adam Phillip Hall ("Adam") is a citizen and resident of the County of Greenville, State of South Carolina.

2. Defendant Storm Team Construction Inc., ("Stormteam") is a foreign corporation incorporated in the State of Georgia.

3. On May 16, 2011 Stormteam was issued a certificate of authority to transact business in the State of South Carolina.

4. On March 7, 2016 Stormteam changed its registered office from 4000 Faber Place Drive, Suite 300 in Charleston, South Carolina to 330 E. Coffee Street, Suite 4024 in Greenville, South Carolina.

5. One March 7, 2016 Stormteam changed its registered agent from Chad Simkins to Julie Haydock.

6. Stormteam is a general contractor operating under the South Carolina license of James Waters, Jr. who is listed as President and Owner. This license was first issued on April 12, 2016.

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

7.  Stormteam's residential license first issued in April 26, 2016 is listed under the supervision of Melvin Wilson in South Carolina at an address other than that of Stormteam.

8.  Upon information and belief Defendant, Jesse Wright ("Defendant Wright") is a citizen and resident of the State of Florida doing business in the County of Greenville, State of South Carolina and is the alleged National Sales Manager for Stormteam.

9.  Upon information and belief Defendant, Chad Simkins ("Defendant Simkins") is a citizen and resident of the State of Florida doing business in the County of Greenville, State of South Carolina and is the alleged Owner/President and CEO of Stormteam.

10. The Plaintiffs is informed and believes that at all times alleged herein the Defendants Simkins and Wright were agents, employees, controlling officers and dominant stockholders in Defendant Stormteam, and that the corporate veil should be pierced based upon the following and other factors;

    a. the corporation is grossly undercapitalized;

    b. the corporation fails to observe corporate formalities;

    c. the corporation fails to pay dividends;

    d. the corporation is essentially insolvent;

    e. the dominant stockholder has siphoned funds of the corporation;

    f. siphoning of funds of the corporation by the dominant stockholder;

    g. there is a non-functioning of other officers or directors;

    h. there is an absence of corporate records;

    i. the corporation is merely a façade for the operations of the dominant stockholder;

    j.   there is an element of injustice or fundamental unfairness if the acts of the corporation are not regarded as the acts of the individual Defendants;

    k.   there is total domination and control of the corporation by the individual Defendants; and

    l.   inequitable consequences caused thereby.

11. Storm Team Construction Inc. has a business model involving canvassing areas that have suffered storm damage and obtaining contracts for repairs generally paid for by the homeowner's insurance and in many cases rebating the homeowner's deductible.

12. When a particular storm event occurs teams are sent to cover the area and solicit repairs from the homeowners.

13. In order to avoid overhead costs, tax withholding, unemployment insurance, workers compensation insurance, liability, and overtime payments the Defendants employed the Plaintiff and numerous other project managers as independent contractors and paid them solely on a commission basis.

14. On or about February 18, 2015 the Plaintiff was hired as project manager for the Defendants. Although, he signed a contract that he was an independent contractor the Plaintiff was required to follow the Defendant's instructions as to when, where and how to perform his work while holding himself out to the public as a project manager for the Defendants.

15. The Plaintiff despite working more than 40 hours a week was paid commissions which were arbitrarily altered, changed, withheld or reassigned to other individuals.

16. The services rendered by the Plaintiff to the Defendants was an integral part of their business which spanned over many project areas where weather conditions caused

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

damages and the Plaintiff's opportunities for profit or loss depended solely on the Defendants. The Plaintiff's clothing, vehicles, business cards and materials all represented that he was an employee of the Defendants

17. In addition to misclassifying the Plaintiff as an independent contractor the Defendant withheld, concealed and re-directed payments due to the Plaintiff.

18. When the Defendants unilaterally changed the Plaintiffs compensation and refused to disclose details of when projects were paid up and what amount of commissions were properly assigned the Plaintiff was locked out of his employment.

19. Due to the intentional misclassification of his employment the Plaintiff could not receive unemployment while the Defendants withheld monies he was due.

## FOR A FIRST CAUSE OF ACTION
### (Failure to Pay Wages)

20. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

21. Each of the Defendants is an employer as defined by South Carolina Code 41-10-10.

22. The Plaintiff was employed by the Defendants and entitled to wages/bonuses for the work he performed.

23. The Defendants failed to pay the wages due to the Defendant in a timely fashion as required but the South Carolina Payment of Wages Act.

24. Each Defendant knowingly permitted the corporation to which each Defendant is affiliated to violate the S.C. Payment of Wages Act by failing to pay the monies due as are required by S.C. Code 41-10-40 and 41-10-50 and each of the Defendants are therefore personally liable for the wages due the Plaintiff together with treble damages, attorney's fees and costs.

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

## FOR A SECOND CAUSE OF ACTION
### (Violation of Fair Labor Standards Act)

25. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

26. The Plaintiff was working for the Defendants and accrued wages, commissions and overtime pay.

27. The Defendants have failed and continue to fail to pay the wages owed the Plaintiff and are in violation of the Fair Labor Standards Act.

28. The Plaintiff is informed that the Defendants improperly classified him and other employees and failed to contribute and pay State, Federal, Medicare and Social Security Taxes and State Unemployment contributions to the Federal and State Government as required by law. By such classifications the Defendants have made false claims to the Federal Government that certain contributions to the Federal Government were not due by them.

29. As a direct and proximate result of the acts, omissions and practices of the Defendant's, the Plaintiff and others like him, have sustained a loss of income and future benefits and wages.

30. The Plaintiff is informed and believes that he is entitled to an award of damages, liquidated damages, prejudgment interest, an award of a reasonable hourly rate plus overtime and state and federal contributions by employers and an award of compensation for other misclassified employees, treble damages and legal fees and costs.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract)

31. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

32. There was a binding contract between the parties that the Plaintiff should be paid a certain amount of each construction contract paid.

33. The Defendant has unjustifiable breached said contract by not paying those amounts

34. As a direct and proximate result thereof the Plaintiff suffered the damages alleged herein

### FOR A FOURTH CAUSE OF ACTION
### (Breach of Contract Accompanied By Fraud)

35. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

36. The Defendants breached the aforesaid contract.

37. The intention of the breach was to fraudulently deprive the Plaintiff of commissions rightfully due him.

38. The Defendants dishonestly and unlawfully misappropriated funds due to the Plaintiff and attempted to conceal those acts by misrepresenting payments received on projects which the Defendant worked on.

39. The Plaintiff is informed and believes that he is entitled to actual and punitive damages against the Defendants in an amount to be determined by a jury.

### FOR A FIFTH CAUSE OF ACTION
### (Conspiracy)

40. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

41. The Defendants combined together with other unknown persons for the purpose of injuring the Plaintiff.

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

42. As a direct and proximate result thereof the Plaintiff has suffered special damages and is entitled to a judgment against the Defendants for actual and punitive damages in an amount to be determined by a jury

## FOR A SIXTH CAUSE OF ACTION
### (Conversion)

43. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

44. The Defendant assumed and exercised the right of ownership over goods and personal chattels of the Plaintiff without Plaintiff's permission

45. As a direct and proximate result thereof the Plaintiff has suffered damages by the loss of his chattels and is entitled to a judgment against the Defendants for actual and punitive damages.

## FOR A SEVENTH CAUSE OF ACTION
### (Quantum Meruit)

46. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

47. The Defendant provided good and valuable services to the Defendants

48. The services were accepted, used and enjoyed by the Defendants

49. Under the circumstances a reasonably informed person receiving such services would expect to pay for such services and that the plaintiff as expecting to be paid for such services.

50. Wherefore, the Plaintiff is informed and believes that he is entitled to payment for to the value of the his services rendered to the Defendants

## FOR AN EIGHTH CAUSE OF ACTION
### (An Accounting)

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

51. The Plaintiff reiterates and incorporates the allegations set forth above into this cause of action.

52. The Plaintiff has alleged that the Defendants are responsible to the Plaintiff for money or property as a result of a contract or some other fiduciary relationship.

53. The Defendants are in exclusive control of the information needed to determine the amounts due to the Plaintiff. The Defendants know which contracts have paid, how much was paid and the gross proceeds of said payments. The parties are entitled to and need discovery and equitable jurisdiction for an accounting that may be invoked when there is need for discovery.

54. Therefore, the Plaintiff requests that the Defendants provide a full and complete accounting in detail, including, names, addresses and telephone numbers and customers, dates, times and amounts of contracts, dates times and all amounts of payments, and dates, times and names of all persons receiving any portion of those payments.

WHEREFORE, having fully pled, the Plaintiff requests the following;

1. A Jury trial;
2. Judgment against the Defendants for treble damages in an amount to be determined by a jury;
3. Attorney's fees and costs of this action;
4. Such other and further relief as the court deems just and proper.

ELECTRONICALLY FILED - 2018 Feb 09 10:23 AM - GREENVILLE - COMMON PLEAS - CASE#2018CP2300720

                                          s/Robert C. Childs, III
                                          Robert C. Childs, III, #1218
                                          Attorney for Plaintiff
                                          2100 Poinsett Hwy, Suite D
                                          Greenville, SC 29609
                                          (864) 242-9997
                                          Fax (864) 242-9914

Greenville, South Carolina
Date:   2/9/18

Page **10** of **10**