IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Adam Phillip Hall, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **C.A. No.: 6:18-cv-00753-TMC** |
| v. ) | |
| ) | |
| Storm Team Construction Inc., Jesse ) | |
| Wright and Chad Simkins, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS AND
## MOTION FOR A MORE DEFINITE STATEMENT

COME NOW, Defendants, by and through their counsel, W. Andrew Arnold, and file this Motion to Dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) which is devoid of many material factual allegations and instead is mostly recitations of elements of causes of action. In *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (U.S.2007), the United States Supreme Court recently held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." With regards to individual Defendants, there are no facts alleged upon which individual liability may rest under any of the eight causes of action. With regard to the corporate Defendant, the Second, Fourth, Fifth, Sixth, Seventh and Eighth causes of action contain no factual allegations upon which relief can be granted. The Complaint's allegations are mere recitation of legal conclusions without alleged factual basis. "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation. Factual allegations must be enough to raise a right to relief above the speculative level ...." *Id.*

1

Moreover, Defendants are also entitled to dismissal under 12(b)(6) for the following causes of action based upon the following reasons:

1. As to the Second Cause of Action (Fair Labor Standards Act), Plaintiff apparently alleges that he is entitled to overtime compensation while simultaneously alleging that he was engaged in outside sales on a commission basis which is exempt from overtime and minimum wage requirements of the Fair Labor Standards Act. See 29 U.S.C § 213(a).

2. As to the Fifth Cause of Action (Civil Conspiracy), to adequately state a claim for civil conspiracy, a plaintiff must allege each of the following three elements: (a) a combination of two or more persons; (b) for the purpose of injuring the plaintiff; and (c) causing the plaintiff special damages. *Benedict College v. National Credit Systems, Inc.*, 400 S.C. 538, 545, 735 S.E.2d 518, 521 (Ct. App. 2012). A "civil conspiracy cannot exist when the alleged acts arise in the context of a principal-agent relationship because by virtue of the relationship such acts do not involve separate entities." *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 564, 626 S.E.2d 884, 886–87 (2006); See also *Alonso v. McAllister Towing of Charleston, Inc.*, 595 F. Supp. 2d 645 (D.S.C. 2009) (finding that under South Carolina law there can be no civil conspiracy between a parent company and its wholly-owned subsidiary, due to the fact that they are not separate actors).

3. Also, as to Plaintiff's Fifth Cause of Action, a civil conspiracy claim fails unless the plaintiff properly alleges special damages – damages that go beyond and are distinct from the damages alleged in plaintiff's other causes of action. *Allegro, Inc. v. Scully,* 418 S.C. 24, 33, 791 S.E.2d 140, 144 (2016); *Benedict College*, 400 S.C. at 546,

735 S.E.2d at 522 (finding dismissal of a civil conspiracy claim is appropriate when "a plaintiff merely repeats the damages from another claim"); *Ameristone Tile, LLC v. Ceramic Consulting Corp.*, 966 F. Supp. 2d 604, 620 (D.S.C. 2013) (dismissing the civil conspiracy cause of action because the special damages alleged were the same as the ones alleged for other causes of action).

   4. As for Plaintiff's Sixth Cause of Action (Conversion): "There can be no conversion of money unless there is an obligation on the defendant to deliver a specific, identifiable fund to the plaintiff." *Richardson's Rests., Inc. v. Nat'l Bank of S.C.,* 304 S.C. 289, 294, 403 S.E.2d 669, 672 (Ct.App.1991). Money, however, may be the subject of conversion if "it is capable of being identified and there may be conversion of determinate sums even though the specific coins and bills are not identified." *SSI Med. Servs., Inc. v. Cox,* 301 S.C. 493, 498, 392 S.E.2d 789, 792 (1990).

   5. As for Plaintiff's Eighth Cause of Action (Accounting), an accounting is an action in equity, and Plaintiff has failed to allege an inadequate remedy at law. *See Key Corp. Capital, Inc. v. County of Beaufort,* 373 S.C. 55, 61, 644 S.E.2d 675, 678 (2007) ("While equitable relief is generally available where there is no adequate remedy at law, an adequate legal remedy may be provided by statute.").

   6. Finally, as to the general allegations relating to piercing the corporate veil, Plaintiff has failed to allege any facts to pierce the corporate veil under Florida law. (Storm Team is a Florida corporation.) The plaintiff must allege "deliberate misuse of the corporate form — tantamount to fraud ... [A]bsent proof of fraud or ulterior motive by the shareholder, the corporate veil shall not be pierced." *John Daly Enters., LLC v. Hippo Golf Co., Inc.*, 646 F. Supp. 2d 1347, 1353 (S.D. Fla. 2009) (alterations added;

3

citation, emphasis, and internal quotation marks omitted). Examples of improper conduct are using "a corporation ... as a subterfuge to mislead or defraud creditors, to hide assets, to evade the requirements of a statute or some analogous betrayal of trust." *Eckhardt v. United States*, 463 Fed.Appx. 852, 856 (11th Cir. 2012 (citation and internal quotation marks omitted; alteration added). When complaints "are attacked via motion to dismiss, it has been held that the complaint attempts to pierce the corporate veil must allege facts sufficient to pierce the corporate veil of the corporation." *Id.*

Alternatively, Defendants move pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement as to the basis and the facts upon which Plaintiff seeks to impose individual liability on Defendants Simkins and Wright.

Accordingly, Defendants move this court to dismiss all claims against the individual Defendants and the econd, Fourth, Fifth, Sixth, Seventh and Eighth causes of action against Defendant Storm Team and in the alternative for a more definite statement in regards to the factual basis of Plaintiff's claims against the individual defendants. Defendants seeks attorneys' fees and costs associated with filing this motion.

Dated this the 20th day of March 2018.

          Respectfully submitted,

          Horton Law Firm, P.A.

By:    s/ W. Andrew Arnold
        W. Andrew Arnold
        Federal I.D. No. 5749
        307 Pettigru St.
        Greenville, South Carolina 29601
        (864) 233-4351
        aarnold@hortonlawfirm.net

6:18-cv-00753-AMQ     Date Filed 03/20/18     Entry Number 5     Page 4 of 4