IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Adam Phillip Hall, | ) Civil Action No.: 6:18-cv-00753-AMQ |
| Plaintiff, | ) |
| v. | ) **OPINION AND ORDER** |
| Storm Team Construction Inc., Jesse Wright and Chad Simkins, | ) |
| Defendants. | ) |

This matter is before the Court on the Motion to Dismiss or, in the alternative, for a More Definite Statement, of Storm Team Construction Inc., Jesse Wright, and Chad Simkins, ("Defendants"). (ECF No. 5.) In his Complaint, Adam Philip Hall ("Plaintiff") has alleged eight causes of action against Defendants: (1) failure to pay wages under the South Carolina Payment of Wages Act; (2) violation of the Fair Labor Standards Act; (3) breach of contract; (4) breach of contract accompanied by fraud; (5) conspiracy; (6) conversion; (7) quantum meruit; and (8) an accounting. (ECF No. 1.) Defendants move to dismiss Plaintiff's Second, Fourth, Fifth, Sixth, Seventh and Eighth causes of action against Defendant Storm Team in its corporate form. Defendants also move to dismiss all claims against the defendants Simkins and Wright in their individual capacity or, in the alternative, Defendants move for a more definite statement as to the factual basis of Plaintiff's claims against Defendants Simkins and Wright. For the following reasons, the Court grants in part and denies in part Defendants' Motion to Dismiss and denies Defendants' Motion for a More Definite Statement as to the factual basis of Plaintiff's claims against Defendants Simkins and Wright.

1

## I. BACKGROUND

According to the Complaint, Plaintiff Adam Phillip Hall ("Plaintiff") is a citizen and resident of the County of Greenville, State of South Carolina. (ECF No. 1 ¶ 1.) Defendant Storm Team Construction Inc. ("Storm Team" or "Defendants") is incorporated in the State of Georgia. *Id.* at ¶ 2. Defendant Chad Simkins ("Simkins"), a resident of Florida, is the Owner/President and CEO of Storm Team and Defendant Jesse Wright ("Wright"), a resident of Florida, is a National Sales Manager for Storm Team. *Id.* at ¶¶ 9, 10.

Plaintiff alleged that on or about February 18, 2015, he was hired as project manager by Storm Team to canvass areas that have suffered storm damage and obtain contracts for repairs from homeowners. *Id.* at ¶ 15. Although Plaintiff was paid solely on a commission basis and signed a contract with Storm Team stating that he was an independent contractor, Plaintiff alleges that he was required to follow Defendants' instructions as to when, where and how to perform his work while holding himself out to the public as a project manager for Storm Team. *Id*. at ¶ 14.

After Plaintiff's employment was terminated, he filed a complaint on March 19, 2018, in the Court of Common Pleas, County of Greenville, South Carolina. On the same day, Defendants removed case to this Court pursuant to 28 U.S.C. § 1446 based on diversity jurisdiction. Defendants filed the Motion described above on March 20, 2018. This Court held a hearing on Defendants' Motion on May 3, 2018.

## II. STANDARDS OF REVIEW

**Motion to Dismiss for Failure to State a Claim**

A plaintiff's complaint should set forth "a short and plain statement. . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff . . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, a court "'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)) (modification in original). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

**Motion for a More Definite Statement**

Under Federal Rule of Civil Procedure Rule12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Rule 12(e) must be read in conjunction with Rule 8." *Hodgson v. Virginia Baptist Hospital, Inc.*, 482 F.2d 821, 822 (4th Cir. 1973). Rule 8(a) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). As the Fourth Circuit has

noted, "Rule 12(e) allows a defendant to move for a more definite statement if the complaint 'is so vague or ambiguous that [he] cannot reasonably be required to frame a responsive pleading.'" *Id.* at 823.

## III. DISCUSSION

### A. Piercing the Corporate Veil Allegations as to Individual Defendants

Defendants first move to dismiss each of Plaintiff's eight causes of action as to individual Defendants Simkins and Wright arguing that Plaintiff's Complaint fails to sufficiently allege facts to pierce the corporate veil. (ECF No. 5 at 3.) As an initial matter, piercing the corporate veil is not itself a cause of action, but instead is a means of imposing liability on an underlying claim. *Shearson Lehman Hutton, Inc. v. Venners*, 165 F.3d 912 (4th Cir. 1998) (per curiam); *see also Thomas v. Peacock*, 39 F.3d 493, 499 (4th Cir. 1994) (overruled on other grounds by *Peacock v. Thomas*, 516 U.S. 349\(1996)). A court may impose personal liability on an individual for the acts of a corporation as an equitable remedy. *See Sturkie v. Sifly*, 280 S.C. 453, 313 S.E.2d 316 (S.C. Ct. App. 1984). In *Sturkie*, the Court of Appeals of South Carolina set out a two-pronged test for courts to use in determining whether corporate entities should be disregarded. *Id.* at 318–19. The first part of the test, an eight-factor analysis, looks to observance of the corporate formalities by the dominant shareholders. The second prong of the *Sturkie* test mandates that "there be an element of injustice or fundamental unfairness if the acts of the corporation be not regarded as the acts of the [shareholders]." *Id.* at 318.

Here, Plaintiff's Complaint alleges that Defendants Simkins and Wright acted as "agents, employees, controlling officers and dominant stockholders in Defendant Storm Team" and should be held personally liable for all causes of action against Storm Team under the piercing of the corporate veil doctrine. (ECF No. 1 ¶ 10.) The Complaint further alleges that "Defendants

4

Simkins and Wright were agents, employees, controlling officers and dominant stockholders in Defendant Storm Team, and that the corporate veil should be pierced based upon the following and other factors; (a) the corporation is grossly undercapitalized; (b) the corporation fails to observe corporate formalities; (c) the corporation fails to pay dividends; (d) the corporation is essentially insolvent; (e) the dominant stockholder has siphoned funds of the corporation; (f) siphoning of funds of the corporation by the dominant stockholder; (g) there is a non-functioning of other officers or directors; (h) there is an absence of corporate records; and (i) the corporation is merely a façade for the operations of the dominant stockholder; (j) there is an element of injustice or fundamental unfairness if the acts of the corporation are not regarded as the acts of the individual Defendants; (k) there is total domination and control of the corporation by the individual Defendants; and (l) inequitable consequences caused thereby." (ECF No. 1 ¶ 10.)

      Accepting Plaintiffs' allegations as true, and construing the facts in the light most favorable to Plaintiff, the Court finds that the Complaint does not plead sufficient factual support to allow the Court to draw a reasonable inference that Defendants Wright and Simkins are liable under a piercing the corporate veil theory. First, the allegations related to that theory, which are quoted above, are legal conclusions and/or a recitation of the elements of a claim. The Complaint contains insufficient factual allegations concerning those legal elements and conclusions. Those allegations, even when considered with the other allegations of the Complaint, do not meet the standard for a Rule 12(b)(6) motion as described by Supreme Court and Fourth Circuit precedent. Moreover, as set forth above, piercing the corporate veil is not an independent cause of action. Thus, to the extent Plaintiff seeks to impose liability on Wright and Simkins under the theory of piercing the corporate veil, the Court grants Defendants' motion.

The Court's ruling is without prejudice to Plaintiff filing appropriate motions to attempt to impose individual liability on Wright and Simkins under the piercing the corporate veil theory if facts are developed that meet the standard for pleading described above. Further, the focus of Defendants' argument seeking the dismissal of Wright and Simkins was on the piercing the corporate veil issue. The Court denies the Motion at this time to the extent Defendants' motion seeks the dismissal of Wright and Simkins as to all claims. Defendants are of course entitled to raise this issue at the summary judgment stage of the case.

In the alternative, Defendants move for a more definite statement as to the basis and facts upon which Plaintiff seeks to impose individual liability on Defendants Simkins and Wright. (ECF No. 5 at 1.) Because the Court has dismissed Plaintiff's claims against Defendants Simkins and Wright, Defendants' motion for a more definite statement as to the factual basis of Plaintiff's claims against the individual defendants is denied as moot.

## B. Fair Labor Standards Act

Defendants move to dismiss Plaintiff's Second Cause of Action for an alleged violation of the Fair Labor Standards Act ("FLSA"). Plaintiff's Complaint states that Defendants misclassified him as an independent contractor and failed to pay him at a reasonable hourly rate plus overtime in violation of the FLSA. (ECF No. 1 ¶¶ 25-28.) Plaintiff also alleges that Defendants withheld commission payments in violation of Plaintiff's employment agreement. *Id.* at 26.

To state a claim for a FLSA overtime violation, a plaintiff must allege: (1) he worked overtime hours without compensation; and (2) the employer knew or should have known that he worked overtime but failed to compensate him for it. Fair Labor Standards Act of 1938, § 1 *et seq.,* 29 U.S.C.A. § 201 *et seq.*; *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986). To

state a claim for a minimum wage violation under the FLSA, a plaintiff must allege that he did not receive compensation equal to or exceeding the product of the total number of hours worked and the statutory minimum hourly rate during a given week. *Blankenship v. Thurston Motor Lines, Inc.*, 415 F.2d 1193, 1198 (4th Cir.1969).

Plaintiff's Complaint alleges that during the applicable period he was an employee, that he worked in excess of forty hours per week and that Defendants intentionally withheld wages and overtime payments. (ECF No. 1 ¶¶ 13, 15, 26 and 27.) In response to these allegations, Defendants argue that Plaintiff cannot simultaneously claim entitlement to commission payments as an independent contractor while also claiming entitlement to minimum wage and overtime payments as an employee under the FLSA. *See* 29 U.S.C. § 213(a). While Defendants' position, if true, may ultimately prevail, the Court finds that Plaintiff has sufficiently pled this cause of action. Defendants' arguments are more appropriate for consideration at trial or the summary judgment stage of the case. Accordingly, Defendants' motion to dismiss Plaintiff's Second Cause of Action under the Fair Labor Standards Act is denied.

**C. Breach of Contract Accompanied by Fraud**

Defendants move to dismiss Plaintiff's Fourth Cause of Action for Breach of Contract Accompanied by Fraud arguing Plaintiff has failed to state sufficient factual allegations upon which relief can be granted. Under South Carolina law, to plead a cause of action for breach of contract accompanied by fraud, "the plaintiff must plead facts establishing three elements: (1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach." *Harper v. Ethridge*, 290 S.C. 112, 119, 348 S.E.2d 374, 378 (S.C. Ct. App. 1986) (citing *Floyd v. Country Squire Mobile Homes, Inc*., 287 S.C. 51, 336 S.E.2d 502 (S.C. Ct. App. 1985). Here, Plaintiff has alleged that

7

Defendants breached of contract between the parties (ECF No. 1 ¶ 32) with intent to fraudulently deprive Plaintiff of commissions (ECF No. 1 ¶ 37) by misappropriating funds owed to Plaintiff and concealing "those acts by misrepresenting payments received on projects." (ECF No. 1 ¶ 38). The Court finds Plaintiff has pled the elements required for a breach of contract accompanied by fraud claim with sufficient factual specificity so that, if the Court accepts the allegations as true, they state a claim for relief that is plausible on its face. Therefore, this Court denies Defendants' motion to dismiss Plaintiff's Fourth Cause of Action for Breach of Contract Accompanied by Fraud.

**D. Conspiracy**

Defendants move to dismiss Plaintiff's Fifth Cause of Action for Civil Conspiracy. Defendants argue that Plaintiff has not alleged a sufficient factual basis to sustain a conspiracy cause of action nor adequately pled special damages. As an alternative basis for dismissal, Defendants argue that Plaintiff's cause of action is barred by the intracorporate conspiracy doctrine. (ECF No. 5 at 2-3) The Court will address these issues separately.

A cause of action for civil conspiracy is defined as "(1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage." *Vaught v. Waites*, 387 S.E.2d 91, 95 (1989) (citing *Lee v. Chesterfield Gen. Hosp. Inc.*, 344 S.E.2d 379 (S.C. Ct. App. 1986)). Plaintiff's Complaint alleges that "Defendants combined together with other unknown persons for the purpose of injuring the Plaintiff." (ECF No. 1 ¶ 41.) It also alleges "Plaintiff suffered special damages." (ECF No. 1 ¶ 42.) These allegations on their own would not satisfy the pleading standards of Rule 8(a)(2) as interpreted by *Iqbal* and *Twombly*. However, Plaintiff reiterates and incorporated the rest of the allegations in his Complaint in this cause of action. When those allegations are considered, the Court finds that the

allegations, while far from robust, meet the required standard. Therefore, the Court denies the Defendants' motion on this ground.

Second, Defendants argue that Plaintiff's Complaint fails to allege special damages resulting from the civil conspiracy. A civil conspiracy claim is subject to dismissal if a Plaintiff merely repeats damages from another claim instead of "specifically listing special damages as part of their civil conspiracy claim." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E. 2d 871, 874 (S.C. Ct. App. 2009). Furthermore, when alleged as special damages flowing from a civil conspiracy, the damages "must go beyond the damages alleged in other causes of action." *Id*. at 874; *Vaught v. Waites,* 387 S.E.2d 91, 95 (S.C. Ct. App. 1989).

Plaintiff argues his attorney's fees are special damages. (ECF No. 8 at 10-11.) Plaintiff cites *Benedict College v. National Credit Systems, Inc*., for the proposition that attorney's fees are special damages. 735 S.E.2d 518 (S.C. Ct. App. 2012*).* In *Benedict*, the court found that the attorney's fees sought for a conspiracy claim constituted a claim for special damages, but only because those attorneys' fees did not overlap with the damages sought under other claims. *Id.* at 546-47. In fact, *Benedict* provides that a claim for civil conspiracy should be dismissed if a plaintiff alleges identical damages from another claim. *Id.* at 546. Unlike the case in *Benedict*, Plaintiff has not identified any damages suffered from the alleged conspiracy that do not overlap with Plaintiff's other causes of action. *Allegro, Inc. v. Scully,* 791 S.E.2d 140, 144 (S.C. 2016). In fact, at the hearing on Defendants' motion, Plaintiff acknowledged that the attorneys' fees Plaintiff claims constitute special damages were not different from the attorneys' fees sought in his other causes of action. Accordingly, Plaintiff has not pled special damages sufficient to support a civil conspiracy claim. Even if Plaintiff's allegations are accepted as true, the claim for

9

civil conspiracy is not plausible on its face. Therefore, the Court grants Defendants' motion to dismiss Plaintiff's Fifth Cause of Action on this basis.

Third, Defendants argue that Plaintiff's Complaint is barred by the intracorporate conspiracy doctrine. Under the intracorporate conspiracy doctrine, it is not legally possible for there to be a conspiracy within a corporation. *Anvar v. Greenville Hospital System*, No. 2007–UP–004, 2007 WL 8324255 at *4 (S.C. Ct. App. 2007) (unpublished). Said another way, "a corporation cannot conspire with itself," *McMillan v. Oconee Memorial Hosp., Inc*., 626 S.E.2d 884, 887 (S.C. 2006). Applying this doctrine, Defendants argue that Simkins and Wright, who are alleged to be employees and/or shareholders of Storm Team, cannot conspire with Storm Team as a matter of law.

Plaintiff acknowledges the intracorporate conspiracy doctrine, but argues his claims fall under the individual personal stake exception to that doctrine. South Carolina courts have allowed claims of civil conspiracy when there are allegations that officers, directors, employees or agents of a corporation are acting in furtherance of their personal interests and not the interests of the corporation or if they are acting outside the scope of their authority with the corporation. *See Cricket Cove Ventures, LLC v. Gilland*, 701 S.E.2d 39 (S.C. Ct. App. 2010) (holding that the intracorporate immunity doctrine did not apply to a developer's civil conspiracy claim where the developer alleged that individual county council members had a personal stake in preventing the developer from moving forward with its development plans); *Pridgen v. Ward,* 705 S.E.2d 58 (S.C. Ct. App. 2010) (holding the independent personal stake exception applied under South Carolina law where a former employee alleged that a former co-worker developed a personal vendetta against him because he refused his former co-worker's request to make false statements

in a report); *but see Anvar,* at *5 (holding that the personal stake exception did not apply where a physician alleged a civil conspiracy between employees and agents of a hospital to suspend the physician after defendants reported the physician's alleged misconduct to a disciplinary board because the defendants acted on behalf of the hospital); *Broyhill v. Resolution Management Consultants, Inc.,* 736 S.E.2d 867 (S.C. Ct. App. 2012) (finding that the independent personal stake exception did not apply where the plaintiff, a former employee of defendants, did not produce any evidence that defendants acted outside of their official capacities as officers of the former employer in bringing an action against plaintiff because the defendants could not conspire with their employer).

In this case, Plaintiff has not pled any factual allegations about an interest of any of Defendants aside from the interests of Storm Team. Also, Plaintiff has not pled any allegations about any of the Defendants acting outside their corporate authority. Therefore, Plaintiff's offers no allegations in his Complaint that would, if accepted as true, support the individual personal stake exception to the intracorporate conspiracy doctrine. For this separate and independent reason, Plaintiff's conspiracy claim should be dismissed because it does not allege sufficient factual matter to support a claim for relief resulting from the conspiracy. Therefore, Defendants' motion to dismiss Plaintiffs Fifth Cause of Action is granted with prejudice.

**E. Conversion**

Defendants next move to dismiss Plaintiff's Sixth Cause of Action for Conversion, arguing that Plaintiff has failed to plead sufficient facts and the proper elements to support a conversion cause of action. Under South Carolina law, a conversion is "the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights." *Moseley v. Oswalds*, 656 S.E.2d 380, 381 (S.C.

2008) (*citing SSI Med. Servs., Inc. v. Cox*, 392 S.E.2d 789, 792 (S.C.1990)). Intangible rights are normally not the proper subject for a conversion claim. *Gignilliat v. Gignilliat, Savitz & Bettis, L.L.P*, 684 S.E.2d 756, 763 (S.C. 2009). Money may be the subject of conversion when it is "capable of being identified and there may be conversion of determinate sums even though the specific coins and bills are not identified." *Moore v. Weinberg*, 681 S.E.2d 875, 878 (S.C. 2009).

Defendants argue that Plaintiff cannot point to an obligation of Defendants to deliver a specific item or fund to Plaintiff. Defendants argue "there can be no conversion of money unless there is an obligation on the defendant to deliver a specific, identifiable fund to the plaintiff." *Richardson's Rests., Inc. v. National Bank of South Carolina*, 403 S.E.2d 669, 672 (S.C. Ct. App. 1991)

Plaintiff's Complaint alleges that "Defendant assumed and exercised the right of ownership of goods and personal chattels of the Plaintiff without Plaintiff's permission" (ECF No. 1 ¶ 44) and that Defendants "withheld payments" and "unilaterally changed the Plaintiff's compensation and refused to disclose details of when projects were paid up and what amount of commissions were properly assigned the Plaintiff." (ECF No. 1 ¶ 18.) Plaintiff's Complaint does not identify any specific goods, chattels or sources of intangible items converted by Defendants. The Complaint appears to allege the subject matter of the conversion claim are wages and commissions.

The allegations for the Conversion claim are far from robust. However, the Court finds that the allegations in the Complaint for this cause of action, if accepted as true, state a claim that is plausible on its face. Therefore, the Court denies Defendants' motion as to the Conversion claim.

**H. Quantum Meruit**

Defendants move to dismiss Plaintiff's Seventh Cause of Action for Quantum Meruit based on Plaintiff's failure to state sufficient factual allegations to support a claim. To establish a claim for quantum meruit, also known as unjust enrichment, a plaintiff must show three elements: (1) plaintiff conferred a benefit conferred to defendant, (2) defendant knowingly and voluntarily accepted the benefit, and (3) defendant's retention of the benefit was such that it is unjust for defendant to retain it without paying its value. *Williams Carpet Contractors, Inc. v. Shelly*, 734 S.E.2d 177, 180 (S.C. Ct. App. 2012).

Here, Plaintiff's Complaint alleges that Plaintiff provided valuable services to Defendants that Defendants accepted and enjoyed. (ECF No. 1 ¶ 47-50.) Plaintiff's Complaint also alleges that "a reasonably informed person receiving such services would expect to pay for such services and that the plaintiff [w]as expecting to be paid for such services." (ECF No. 1¶ 49.) The Court finds that Plaintiff has barely alleged facts sufficient to constitute a cause of action for Quantum Meruit. Accordingly, Defendants' motion to dismiss Plaintiff's Seventh Cause of Action for Quantum Meruit is denied.

## G. Accounting

Finally, Defendants argue that Plaintiff's Eighth Cause of Action for Accounting should be dismissed because it fails to allege an inadequate remedy at law. Plaintiff's Complaint alleges that Defendants are in exclusive control of the information needed to determine the amounts due to Plaintiff and that Defendants are responsible to Plaintiff for money or property. (ECF No. 1. ¶ 51-53.) Plaintiff also alleges that Defendants has control over information relating to which contracts have been paid, how much was paid and the gross proceeds received from the payments. (ECF No. 1 ¶ 52.)

As a threshold matter, an accounting is an action in equity that is only awarded where a Plaintiff has alleged that there is no adequate remedy at law. *See Key Corp. Capital, Inc. v. County of Beaufort*, 644 S.E.2d 675, 678 (2007). If there is no adequate remedy at law, an accounting may be enforced when there is a need for enhanced discovery. *Historic Charleston Holdings, LLC v. Mallon*, 673 S.E.2d 448, 453 (S.C. 2009). A need for enhanced discovery exists when the defendant either has control over accounts or otherwise withholds information needed by the Plaintiff in order to determine the amount owed. *Historic Charleston Holdings, LLC v. Mallon*, 673 S.E.2d 448, 453 (S.C. 2009)*; see e.g. Consignment Sales, LLC v. Tucker Oil Co.*, 705 S.E.2d 73, 75 (S.C. Ct. App. 2010) (ordering an accounting where Tucker Oil "was in exclusive control of the information needed to determine the amount Consignment Sales is owed ... knows the amount of gasoline it delivered pursuant to the contracts and gross proceeds of the contracts," and where Consignment Sales "had no access to this information except through Tucker Oil").

Although Plaintiff alleges a need for information relating to contract payments, amounts due, and gross proceeds received from payments, Plaintiff has not pled or otherwise provided the Court with any reasons as to why this information cannot be obtained during the normal course of discovery. Accordingly, Defendants' motion to dismiss Plaintiff's Eighth Cause of Action for an Accounting is granted. However, the motion is granted without prejudice as it relates to this claim. In the event that Plaintiff is unable to obtain the information sought through discovery, Plaintiff may file an amended complaint or other appropriate motion seeking an accounting.

## **IV. CONCLUSION**

For the foregoing reasons, the Court grants without prejudice Defendants' motion to dismiss Plaintiff's eight causes of action as to Defendants Simkins and Wright to the limited

extent Plaintiff seeks to impose liability under the theory of piercing the corporate veil. The Court denies Defendants' Motion for a More Definite Statement as to the factual basis of Plaintiff's claims against Defendants Simkins and Wright.

As to the Plaintiff's claims against Defendants Storm Team, Simkins and Wright, the Court grants Defendants' motion to dismiss Plaintiff's Fifth cause of action as to all Defendants with prejudice and Eighth cause of action as to all Defendants without prejudice, and the Court denies Defendants' motions to dismiss Plaintiff's Second, Fourth, Sixth and Seventh causes of action against all Defendants.

IT IS SO ORDERED.

<u>**s/A. Marvin Quattlebaum, Jr.**</u><br>United States District Judge

June 1, 2018
Greenville, South Carolina